**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NAWAL AZZO and
YOUSIF AZZO, her husband,

    Plaintiffs,

vs.                                              Case No. 3:11-cv-324-J-34JRK

JETRO RESTAURANT DEPOT, LLC,
a Delaware corporation a/k/a RESTAURANT
DEPOT LLC, a Delaware corporation;
JETRO CASH & CARRY ENTERPRISE,
LLC, a Delaware corporation and RD
AMERICA, LLC, a Delaware corporation,

    Defendants.
_____

**ORDER**

    **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

    Plaintiffs originally brought this action in the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida. (Doc. 2; Complaint). In the Complaint, Plaintiffs allege that Defendants were negligent in failing to maintain the commercial premises called "Restaurant

Depot supply store," located at 3389 Powers Avenue, Jacksonville, Duval County, Florida, on or about August 21, 2010, in a safe condition. Plaintiffs allege that as a result, Nawal Azzo slipped on a foreign substance on the floor, which caused her to fall and sustain injury. Plaintiff Yousif Azzo, who is Nawal Azzo's husband, has brought a claim for loss of consortium. See generally Complaint. Plaintiffs allege that "[t]his is an action for damages in excess of $15,000, exclusive of interest and costs." Id. ¶ 1.

On April 4, 2011, Defendants filed a Notice Of Removal. (Doc. 1; Notice of Removal). In the Notice of Removal, Defendants assert that the Court has diversity jurisdiction over this matter because "[b]ased upon a fair reading of the Complaint, the above described action is a civil action for which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and § 1441, as Defendants are not citizens of the State of Florida in which Plaintiffs' Complaint has been brought." Notice of Removal ¶ 4. While the Complaint is silent as to Plaintiffs' citizenship, Defendants allege that they "have a good faith belief based on conversations with Plaintiffs' counsel that, at all times material to this lawsuit, Plaintiffs were residents of Duval County, Florida." Id. ¶ 3. As to Defendants' citizenship, Defendants contend that "[a]ccording to Paragraphs 8, 14, 20 and the caption information [of the Complaint], all named Defendants were and are foreign Limited Liability Corporations with their principal places of business outside of Florida." Id. The Complaint identifies Defendants Jetro Restaurant Depot, LLC, Jetro Cash & Carry Enterprise, LLC, and RD America, LLC, as "Delaware corporation[s]." Complaint ¶¶ 8, 14, 20; see also id. at 1.

Where jurisdiction over an action is based on allegations of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), the removing defendant must establish that the parties

are citizens of different states and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a); see also King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). The determination of a party's citizenship is controlled by federal law, not state law. See Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974).[1] Thus, for purposes of diversity jurisdiction, the citizenship of an individual is determined by his or her "domicile," which is defined as "the place of [the individual's] true, fixed, and permanent home and principal establishment . . . to which [the individual] has the intention of returning whenever . . . absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989)("'[d]omicile' is not necessarily synonymous with 'residence'").

The Court lacks sufficient information to determine the citizenship of any of the parties. As noted above, the Complaint does not contain any allegations regarding the Plaintiffs' citizenship, and Defendants assert only that they have a "good faith belief" that Plaintiffs "reside" in Duval County, Florida, "based on conversations with Plaintiffs' counsel." Notice of Removal ¶ 3. "Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Thus, the Court cannot determine Plaintiffs' citizenship based upon the information currently before it.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Additionally, both the Complaint, and the Notice of Removal, identify each Defendant as a "LLC" and a "corporation."  See Complaint at 1 and ¶¶ 8, 14, 20; Notice of Removal at 1 at ¶ 3 (calling Defendants "foreign Limited Liability Corporations").  It is unclear from the allegations and information in the record whether Defendants are corporations, limited liability companies, or as Defendants suggest, "limited liability corporations."  For the purposes of establishing diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens, 374 F.3d at 1022.  A corporation, however, "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, ___ U.S. ___, 130 S.Ct. 1181, 1185-86 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Thus, to sufficiently allege the citizenship of a limited liability company ("LLC"), a party must list the citizenship of each of the LLC's members, but to allege the citizenship of a corporation, a party must identify the states of incorporation and principal place of business. See Rolling Greens, 374 F.3d at 1021-22; 28 U.S.C. § 1332(c)(1).  Here, the Defendants are each denominated as both an LLC and a corporation.  The  Notice of Removal alleges citizenship for jurisdictional purposes as if Defendants are each a corporation "with their principal places of business outside of Florida."  Notice of Removal ¶ 3.  In the face of this confusion, it is impossible for the Court to determine which standard is applicable to determine Defendants' citizenship for diversity jurisdiction. As such, clarification is necessary to establish this Court's diversity jurisdiction.  First, Defendants must specify whether they are each an LLC or a corporation.  If a Defendant is a corporation, then Defendants must identify the corporation's place of incorporation and principal place of business.  However,

-4-

if a Defendant is, in fact, an LLC, Defendants must establish the citizenship of each of the LLC's members.[2]

Moreover, based upon the Court's review of the Complaint and the Notice of Removal, it is not facially apparent that the amount in controversy exceeds the $75,000 jurisdictional amount. See 28 U.S.C. § 1332(a)(1). The Complaint alleges only that this is an action for damages "in excess of $15,000, exclusive of interest and costs." Complaint ¶ 1. Defendants allege that they "believe[ ] that a fair reading of the Complaint indicates that the amount in controversy will exceed the sum of $75,000 exclusive of interest and costs." Notice of Removal ¶ 6. Defendants' bare conclusory allegation is insufficient to provide the Court with information to determine the amount in controversy. "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza, 608 F.3d 744, 754 (11th Cir. 2010). However, when removing a case to federal court, if, as in the instant case, the plaintiff does not allege a specific amount of damages, and it is not apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional amount, a "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden" of establishing diversity jurisdiction. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001). See also Allen v. Toyota Motor Sales, U.S.A., Inc., 155 F. App'x. 480, 482 (11th Cir. 2005) (holding defendant showed by a preponderance of the evidence that the jurisdictional amount

---

[2] Defendants are advised that each member's citizenship must be properly alleged, be it an individual, corporation, LLC, or other entity.

was satisfied based on the allegations in the complaint).  Therefore, the information presently before the Court is insufficient to invoke the Court's subject matter jurisdiction over this action.

In light of the foregoing, the Court will give Defendants an opportunity to demonstrate that the Court has subject matter jurisdiction over this case on or before April 22, 2011.

Accordingly, it is **ORDERED**:

Defendants are **DIRECTED** to file an amended Notice of Removal demonstrating that the Court has subject matter jurisdiction over this case on or before **April 22, 2010.**

**DONE AND ORDERED** in Jacksonville, Florida, this 8th day of April, 2011.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc12
Copies to:
Counsel of Record